

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2008

# James v. Superior Ct NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"James v. Superior Ct NJ" (2008). *2008 Decisions.* Paper 823.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/823

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-218                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4332
_____

EARL JAMES,

Appellant

v.

SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY;
ASSISTANT PROSECUTOR NICHOLAS OSTUNI;
HACKENSACK POLICE DEPARTMENT; POLICE OFFICER
DEMETRIUS CARROLL; DETECTIVE JENNIFER FINLEY;
CHIEF CHARLES K. ZISA; SEARGEANT THOMAS ALETTA;
UNITED STATES POSTAL INSPECTION SERVICE;
INSPECTOR PAUL COPPOLA; DAVID MASSEY, ASSISTANT
UNITED STATES ATTORNEY; PORT AUTHORITY OF NEW
YORK AND NEW JERSEY UNKNOWN AGENT(S), UNKNOWN MAILING
ADDRESS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-04683)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2008

Before:  MCKEE, RENDELL AND SMITH, Circuit Judges

(Opinion filed:  July 18, 2008)

_____

OPINION
_____

PER CURIAM

Earl James appeals the dismissal of his pro se complaint. For the following reasons, we will vacate the judgment of the District Court and remand for further proceedings.

The procedural background of this case is complicated. On August 2, 2007, while incarcerated at the Federal Correctional Institution at Allenwood, James filed a complaint in the United States District Court for the District of New Jersey seeking damages from various defendants for violating his rights under federal law. Attached to the complaint were several documents, including twenty-three pages of exhibits, an application to proceed in forma pauperis, and a document titled "Plaintiff Interrogatories to Discover Identities and Addresses of Defendants." These filings were docketed at D.N.J. Civ. No. 07-cv-3609. On October 1, 2007, James filed a nearly identical complaint, along with the same twenty-three pages of exhibits, an application to proceed in forma pauperis, and a revised set of interrogatories. These filings were docketed at D.N.J. Civ. No. 07-cv-4683. On October 19, 2007, the District Court, acting sua sponte, issued an opinion and order in the latter case, No. 07-cv-4683, granting the motion to proceed in forma pauperis and dismissing the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim. The District Court did not give James an opportunity to amend his complaint. On November

2

5, 2007, James filed a document captioned "Notice of Appeal" and "Motion to Amend Original Complaint," which was docketed as a notice of appeal from the judgment issued in No. 07-cv-4683. No action was taken on the motion to amend.

Thereafter, while this appeal was pending, the District Court addressed the complaint filed in No. 07-cv-3609. The District Court explained in its opinion filed on February 7, 2008, that it had not been aware when it issued its decision in No. 07-cv-4683 that the complaint filed in that case concerned the same events as the complaint filed in No. 07-cv-3609. Despite the similarity between the pleadings filed in these cases, the District Court did not adopt the rationale for dismissal stated in the previous opinion. Instead, the District Court acknowledged that the facts and claims were capable of an alternative construction. Having determined that the complaint, alternatively construed, failed to state a claim on which relief could be granted, the District Court dismissed the action sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In the order filed on February 7, 2008, the District Court directed the Clerk to file the complaint in No. 07-cv-3609 as a "supplemental complaint" in No. 07-cv-4683, dismissed the complaint, and administratively terminated No. 07-cv-3609. The District Court also directed the Clerk to file the February 7, 2008 opinion and order in both dockets, and to forward the opinion and order to this Court. James did not appeal the February 7, 2008 order.[1]

_____

[1] As that order has not been entered in the docket in No. 07-cv-4683, the case in which the "supplemental complaint" was to have been filed, it appears that the time in which James may appeal that order has not yet begun to run. Moreover, the District Court

3

We have appellate jurisdiction under 28 U.S.C. § 1291 to the extent that James is appealing the order issued in No. 07-cv-4683. Based on our review of the record, we conclude that the opinion accompanying that order, filed on October 19, 2007, misconstrues several of the allegations raised in the pleadings. The facts and claims set forth in James' complaint are more accurately described in the District Court's opinion filed on February 7, 2008. In that opinion, the District Court appears to have correctly identified the following claims in James' pleadings: (1) his vehicle was unlawfully seized by federal officials; (2) the defendants violated his constitutional rights by giving false testimony before a New Jersey grand jury regarding his alleged involvement in an attempt to commit insurance fraud and theft by deception; (3) officials from the Hackensack Police Department and the Bergen County Prosecutor's Office violated his constitutional rights by conducting an inadequate investigation prior to his indictment on charges of attempted insurance fraud and attempted theft by deception; (4) he has been maliciously prosecuted on those charges; and (5) the defendants violated 18 U.S.C. §§ 1621-23 and 28 U.S.C. § 1746 by making false declarations in court.

Although it also appears that the District Court correctly determined in its opinion of February 7, 2008 that James' pleadings do not state a claim on which relief could be

lacked authority to issue an order with respect to No. 07-cv-4683 while this appeal was pending. See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985) (stating that a district court is generally not permitted to take action in a case after the filing of a timely notice of appeal).

4

granted, that opinion is not before us at this time, as it was filed after this appeal was docketed.[2]  Moreover, James has not yet been provided an opportunity to file an amended complaint.  We have held that an indigent plaintiff who has filed a complaint subject to dismissal under § 1915 should be given an opportunity to file an amended complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002).  The District Court did not explain why it chose to issue a final order dismissing this case instead of allowing James an opportunity to amend his complaint, and we are not convinced that he would be unable to state a viable claim if given permission to file an amendment.

Accordingly, we will vacate the judgment of the District Court entered on October 19, 2007, and will summarily remand pursuant to 3d Cir. L.A.R. 27.4 and I.O.P. 10.6 for proceedings consistent with this opinion.

---

[2]  In addition to the claims discussed in the District Court's opinion, we note that James has alleged that the Port Authority of New York and New Jersey ("Port Authority") and unnamed Port Authority agents violated his constitutional rights by not informing him during his appearance at the Bergen County Courthouse of May 23, 2005, that the vehicle he had driven to the courthouse had been impounded and was being held at a Port Authority facility.